JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Carl Ford appeals his convictions and sentences for two murders and an aggravated robbery, along with firearms specifications. We affirm.
On appeal, counsel for Ford has filed a brief in accordance with Andersv. California,[1] stating that counsel has conscientiously reviewed the record and can discern no reversible errors in the trial court's proceedings. Consequently, counsel has sought to withdraw from representation and has requested that this court, consistent withAnders, independently review the record to determine whether the proceedings below were free from prejudicial error.
There are no suggestions of error in either the appellant's or the appellee's brief. Ford pleaded guilty to all three charges involved in this appeal; the facts of the underlying crimes are irrelevant to our review.
There are three main areas where Ford could possibly have argued error. The first concerns his competency. The trial court held a competency hearing and declared Ford competent to stand trial. Ford initially moved to plead not guilty by reason of insanity. Perhaps he believes that that plea was valid. But Ford changed his pleas to guilty. As long as his guilty pleas were voluntary, there are no problems here.
This brings us to the second area where Ford may have claimed error — namely, the voluntariness of his pleas. In felony cases, a trial court cannot accept a plea of guilty without first addressing the defendant personally and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."[2]
The trial court made all the proper inquiries three times — once for each guilty plea. We can find no error concerning the voluntariness of Ford's pleas.
The third area where Ford might have asserted an error concerns his sentence. He received an aggregate term of 21 years to life imprisonment: 15 years to life in the case numbered B-0302806; 15 years to life in the case numbered B-0305327; and 8 years in the case numbered B-0404671-B. All three cases also included mandatory three-year firearms specifications. The trial court ordered that all the sentences run concurrently, except for the firearms specifications in the two murders, which were mandatory and had to run consecutively. While the trial court failed to make the necessary findings on the record for the robbery, trial counsel waived the right to such findings when the trial court offered to correct the problem. Further, since the 8-year sentence was not the maximum and was running concurrently with the longer indeterminate sentences, any error in this stage of the proceedings would have been harmless. The trial court advised Ford of all the relevant rights and responsibilities for sentencing.
We have reviewed the record in its entirety, and we cannot find any prejudicial error in the proceedings below. Accordingly, we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] Crim.R. 11(C)(2).